# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS HERNANDEZ and RYAN A. EVANS, | 2:09-cv–0830-LDG-GWF |
| Plaintiffs, | **ORDER** |
| v. | |
| PAUL D. GUGLIELMO, dba GUGLIELMO & ASSOCIATES, | |
| Defendant. | |

In this case, plaintiffs allege that defendant violated four provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692g(a)(4) and (5), 1692e and e(10), by failing to inform plaintiffs that a request for verification of the debt or the identity of the creditor in question must be written.  The court addresses defendant Guglielmo's renewed motion for summary judgment (#56, opposition #65, reply #67), and plaintiffs' motion for partial summary judgment (#57, opposition #66, reply #68).

Summary judgment is appropriate only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56c.  In determining whether summary judgment is appropriate, the court views the facts in the light most favorable to the non-moving party and draws reasonable inferences in favor of that party.  Scheuring v. Traylor Bros., Inc.,476 F.3d 781, 784 (9th Cir. 2007) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  To defeat summary judgment, the opposing parties must make a showing

1  sufficient to establish a genuine dispute of a material fact regarding the existence of the essential

2  elements of [the] case that [they] must prove at trial." Galen v. County of Los Angeles, 477 F.3d

3  652, 658 (9th Cir.2007) (citation omitted).  On a motion for summary judgment, it is not the

4  province of a district court judge to weigh the evidence.  Anderson, 477 U.S. at 255 ("Credibility

5  determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

6  facts are jury functions, not those of a judge, whether [she or] he is ruling on a motion for

7  summary judgment or for a directed verdict.").

   The collection letters sent by defendant to plaintiffs stated in pertinent part:

   If, within thirty days of your receipt of this notice, you notify us that the debt or any portion thereof is disputed we will obtain verification of the debt or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail to you a copy of such verification or judgment.

   Title 15 United States Code §1692g  provides (emphasis added):

   (a)   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

         (1)   the amount of the debt;

         (2)   the name of the creditor to whom the debt is owed;

         (3)   a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

         (4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

         (5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

   In his motion for summary judgment, defendant Guglielmo does not dispute that §1692g

   mandates that the written notice by the debt collector inform the consumer that upon consumer

"notif[ying] the debt collector in writing" or "mak[ing] a written request," the debt collector must undertake further measures pursuant to either subsection (a)(4) or (a)(5) to verify the debt or provide creditor identity information.  Defendant Guglielmo asserts, however, that he complied with §1692g because the letters he sent to plaintiffs in fact provided them with additional rights beyond what the law required--by allowing plaintiffs to not only communicate back to him in writing, but also verbally.  In addition, Guglielmo argues that even if he violated §1692g, he should not be held liable based on the "bona fide error" defense.

      Neither the Ninth Circuit, nor apparently any other circuit, has directly addressed the issue of whether a debt collector violates §1692g if the debt collector does not specifically inform the consumer that the consumer's written notification or request pursuant to subsection (a)(4) or (a)(5) initiates the debt collector's verification or creditor identification duties.  However, in Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078 (9th Cir. 2005), the Ninth Circuit held that §1692g(a)(3) does not impose a writing requirement on consumers.  In reaching that conclusion, the court contrasted subsection (a)(3) with subsections (a)(4) and (a)(5) which, it noted in dictum, allowed debtors to "trigger the rights under subsections (a)(4) and (a)(5) only through written dispute." Id. at 1081.  Moreover, every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be in writing.  Osborn v. Ekpsz, LLC, 2011 WL 4479108 *8 (S.D. Tex. 2011), Welker v. Law Office of Daniel J. Horwitz, 699 F. Supp.2d 1164, 1170 (S.D. Cal. 2010).  This court is persuaded by the principal reasoning for that unanimity.  While §1692g(a)(4) and (5) does not expressly prevent the debt collector from providing verification or identity information upon oral notification of the dispute, the debt collector must provide it upon written notification.  Thus, by omitting the words, "in writing" or "written request" the debt collector does not effectively convey to the consumer his rights under the FDCPA.  See York Gee Au Chan v. North American Collectors, Inc., 2006 WL 778642 *6  (N.D. Cal. 2006); Osborne, 2011 WL 4479108 * 7; see also Camacho, 430 F.3d at

3

1082 (the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing."). Accordingly, it was insufficient for defendant Guglielmo to merely provide the option to plaintiffs to dispute a debt or request creditor identity information by either written or oral means.

Finally, with respect to defendant Guglielmo's bona fide error defense, the FDCPA provides a "narrow exception to strict liability" for such a defense under §1692k (c). See Clark v. Capital Credit & Collection Serv., Inc., 460 F.3d 1162, 1176 & n. 11 (9th Cir. 2006). The bona fide error defense is an affirmative defense, for which the defense has the burden of proof. Reichert v. Nat'l Credit Sys., Inc., 531 F.3d 1002, 1006 (9th Cir. 2008). To be entitled to the defense, the defendant must first establish that the violation was "not intentional." See §1692k (c). This inquiry is inherently subjective and "becomes principally a credibility question" as to whether the defendant intended to violate the FDCPA. Welker, 699 F. Supp.2d at 1171. Once the subjective intent is established, the defendant must also demonstrate that the error was "bona fide" and that it occurred "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." See §1692k (c). Whether such procedures were reasonably adapted is a "fact-intensive question." Reichert, 531 F.3d at 1066. On the instant record before the court, a triable question of fact exists regarding defendant Guglielmo's bona fide error defense. Furthermore, that defense precludes partial summary judgment in plaintiffs' favor based on FDCPA liability. Accordingly,

THE COURT HEREBY ORDERS that defendant Guglielmo's renewed motion for summary judgment (#56) and plaintiffs' motion for partial summary judgment (#57) are DENIED.

Dated this ___ day of March, 2012.

_____
Lloyd D. George
United States District Judge

4