# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS HERNANDEZ and RYAN A. EVANS, | 2:09-cv–0830-LDG-GWF |
| Plaintiffs, | **ORDER** |
| v. | |
| PAUL D. GUGLIELMO, dba GUGLIELMO & ASSOCIATES, | |
| Defendant. | |

      This matter comes before the court on plaintiffs' second motion for class certification (#80, opposition #81, reply #84), which the court directed to be filed after dispositive motions were ruled upon.  The court has now granted plaintiffs' motion for partial summary judgment for violation of the FDCPA (#78), and denied defendant's motion for summary judgment regarding statutory damages.  Upon a review of the arguments and authorities presented by the parties in the briefing on certification, the court is inclined to find that plaintiffs have satisfied all of the requirements of class certification except whether, due to a conflict of interest with class representative plaintiff Ryan Evans, attorney Mitchell Gliner is adequate to serve as class counsel.

      Previously, defendant moved to disqualify Mitchell D. Gliner, counsel for plaintiffs, for violation of the standards of professional conduct and conflict of interest regarding Gliner's close personal relationship with Evans, and Gliner's improper payment of a state court settlement to Discovery Bank on behalf of Evans.  Magistrate Judge Foley ruled that Gliner's disqualification as counsel based on Rule 1.8 of the Nevada Rules of Professional Conduct (prohibiting a lawyer

from providing financial assistance to a client in connection with pending or contemplated litigation) was not necessary.  However, Magistrate Judge Foley correctly foresaw that

> [t]hese circumstances clearly raise substantial doubt as to whether Mr. Evans can be an adequate class representative if Mr. Gliner is class counsel, or vice versa, whether Mr. Gliner can properly serve as class counsel if Mr. Evans is the class representative.  This issue, however, is more properly addressed as part of a decision on the motion to certify this case as a class action pursuant to Fed.R.Civ.Pro. 23.  If the District Judge concludes that the other requirements for class certification are satisfied, it may be possible for Mr. Gliner to serve as class counsel so long as Mr. Evans is not the class representative.  The co-plaintiff, Mr. Hernandez, could conceivably serve in that capacity.  It is therefore unnecessary to disqualify Mr. Gliner at this time, although the issue will certainly have to be revisited if this case is certified as a class action and Mr. Evans is permitted to serve as class representative.

Docket #71 at 14.

The time has now come to determine this issue.  However, since Magistrate Judge Foley has conducted the previous hearings regarding this issue, and is familiar with the facts and the law, the court thinks that it would make sense to seek his report and recommendation before the court makes its determination.  Accordingly,

THE COURT HEREBY ORDERS that the issue of whether Mitchell Gliner can adequately serve as class counsel if Ryan Evans is the class representative, and visa versa, whether Ryan Evans can adequately serve as class representative if Mitchell Gliner is class counsel, is hereby REFERRED to Magistrate Judge Foley for, at his convenience, any further proceedings and for his report and recommendation to the court.

THE COURT FURTHER ORDERS that plaintiffs' second motion for class certification (#79) is DENIED without prejudice to its reinstatement by the court following the ruling on the magistrate judge's report and recommendation.

THE COURT FURTHER ORDERS that the emergency motion to extend time (#82) is DENIED as moot.

Dated this 26 day of September, 2013.

Lloyd D. George
United States District Judge

2