# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS HERNANDEZ and RYAN A. EVANS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PAUL D. GUGLIELMO, dba GUGLIELMO & ASSOCIATES,<br><br>　　　　Defendant. | 2:09-cv–0830-LDG-GWF<br><br>**ORDER** |

Defendant Guglielmo has filed a motion for partial summary judgment that as a matter of law plaintiffs and the purported class are not entitled to statutory damages pursuant to § 1692k(b)(2) of the Fair Debt Collection Practices Act ("FDCPA") (#83, opposition #86, reply #89). Title 15 United States Code section 1692k(a)(2)(B) provides that in a class action, the representative plaintiff of the class may be awarded "additional damages" up to $1,000, and that class members may be awarded "such amount as the court may allow . . . without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B)(ii).

Section 1692k(b)(2) provides:

(b)　Factors considered by the court

　　In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors —

　　. . .

　　(2)  in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the

resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

In considering the application of these factors to this case, the court is mindful of the following purposes and policies of the FDCPA as recognized by the courts: "[T]he FDCPA enlists the efforts of sophisticated consumers as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 96 (2d Cir. 2008). "[T]he FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." Id. at 96. "Without a real sting, the defendants would be unlikely to be deterred from violating the Act, in light of the substantial profit to be made using aggressive and improper collection practices." U.S. v. National Financial Services, Inc., 98 F.3d 131, 141 (4th Cir. 1996). "[T]he FDCPA provides for statutory damages and attorney's fees, so that there would be no lack of incentive for plaintiffs to pursue individual actions." Hicks v. Client Services, Inc., 257 F.R.D. 699, 701 (S.D. Fla. 2009).

A.     Frequency and persistence of noncompliance by the debt collector

Defendant asserts that this factor weighs in his favor because he sent only one copy of the letter to each of the purported class members. As plaintiffs submit, however, defendant sent 2,114 letters which violated 15 U.S.C. § 1692g(a)(4) and (5) to the proposed class members, and that, at times, multiple letters were sent to a single class member (which, defendant suggests, was only because of an individual's multiple debts). The parties argue over the application of Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 2011 WL 1434679 (N.D. Ohio 2011), in which the Sixth Circuit remanded after a reversal by the Supreme Court which held that the bona fide error defense in the FDCPA does not apply to a violation of the Act resulting from a debt collector's incorrect interpretation of the legal requirements of the FDCPA. In the remanded Jerman, the court took up the statutory damages issue, and accepted the following reasoning:

2

> If the term "the number of persons adversely affected" is to have meaning, it must be something in addition to the "frequency and persistence of noncompliance." Otherwise, the term would be superfluous and contradict the familiar statutory canon that the interpretation should give meaning to all components of a statute.

Id. at *5 (quoting Richard v. Oak Tree Group, Inc., 2008 WL 5060319 (W.D. Mich. 2008)).

The court is not persuaded, however, that a single mass mailing falls outside of the "frequency" standard. Such an interpretation would take this factor out of consideration, in perhaps a determinative way, in many cases in which the scope of the noncompliance is great, yet not continuing or egregious. This would not only undermine the policies of deterrence and incentive behind the statutory damages provision, but also appears to run contrary to the actual import of § 1692k(b)(2). Subsection (b) instructs the court to consider the enumerated factors "[i]n determining the amount of liability in any action under [the section]" (emphasis added). It does not envision that no amount of liability should be found, as would possibly result under defendant's interpretation of "frequency" as "repetitious." Moreover, if such a meaning were intended, the ordinary and plain construct of the phrase "[i]n determining the amount of liability in any action" would predictably have added "if any" or some other qualification to "the amount of liability."

Furthermore, the court is unconvinced that its reading of the term "frequency" is duplicative of "the number of persons adversely affected." Obviously, the "adversely affected" assessment takes into consideration the number of people negatively impacted. That is quite different than the "frequency . . . of noncompliance," which, as in this case, may or may not have had an adverse affect, but which may still be considered redressable. In sum, the court does not find that the "frequency and persistence" factor weighs in favor of defendant merely because he did not make repeated contacts with plaintiffs or the purported class members. Rather, the court will assess the factor in determining the amount of statutory damages recoverable. See, e.g., Johnson v. CFS II, Inc., 2013 WL 1809081, at *10 (N.D. Cal. 2013) (court finds that $700 is fair and just statutory penalty against defendant where there was no evidence of persistent mailings,

3

and it appeared that defendant merely made a mistake); Patton v. Prober & Raphael, 2012 WL 294537, at *6 (N.D. Cal. 2012) ("In light of the lack of factual allegations suggestive of repeated egregious conduct, the Court finds that Plaintiff is entitled to $500 in statutory damages for Defendant's violations of the FDCPA . . ."); see also Zimmerman v. Portfolio Assocs., LLC, 2013 WL 1245552 (S.D.N.Y. 2013) ("Although 'a single violation of the FDCPA is sufficient to impose liability," "courts in [the Second Circuit] have found that a [smaller] award is appropriate where there is no repeated pattern of intentional abuse or where the violation was technical").

B.   The nature of the noncompliance

Defendant argues that the nature of the noncompliance was "highly technical," and that validation of the debt would be provided regardless of whether the request was written or oral. As the court has previously ruled, however,

> While §1692g(a)(4) and (5) does not expressly prevent the debt collector from providing verification or identity information upon oral notification of the dispute, the debt collector must provide it upon written notification. Thus, by omitting the words, "in writing" or "written request" the debt collector does not effectively convey to the consumer his rights under the FDCPA. See York Gee Au Chan v. North American Collectors, Inc., 2006 WL 778642 *6 (N.D. Cal. 2006); Osborne, 2011 WL 4479108 * 7; see also Camacho, 430 F.3d at 1082 (the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing."). Accordingly, it was insufficient for defendant Guglielmo to merely provide the option to plaintiffs to dispute a debt or request creditor identity information by either written or oral means.

Docket #73 at 3-4.

Morever, the court disagrees that the consumer protection goals were met by defendant because every consumer who disputed the letter, either verbally or in writing, even if outside of the 30-day period, was provided with the verification as required by the Act. The consumer protection goals of effective conveyance of the consumer's rights under the Act, and the assignment of lesser rights to those who orally dispute a debt, whether or not verification is ultimately given, demands highly technical compliance with the "in writing" notification, as opposed to highly technical noncompliance. This factor solidly favors plaintiffs.

4

C. <u>Defendant's resources</u>

Defendant concedes that he has a positive net worth, making it possible that a statutory recovery could be awarded.

D. <u>Number of persons adversely affected</u>

Defendant argues that this factor weighs in his favor. There appears to be no evidence that either plaintiff or any purported class member was actually harmed by the letters and, in fact, received the verification of their debts from defendant, whether requested in writing or orally. This factor weighs in defendant's favor.

E. <u>The extent to which the noncompliance was intentional</u>

Defendants point to this court's previous ruling that "[a]s plaintiffs point out, the violations that the court determined were committed by defendant here resulted from defendant's mistaken interpretation of the FDCPA's requirements pursuant to 15 U.S.C. section 1692g(a)," see docket #78 at 1-2, in support of its argument that its conduct was not intentional. Indeed, while the Supreme Court has ruled that a court can no longer consider a debt collector's good faith misinterpretation of the law to excuse its strict liability under the FDCPA, it may continue to "adjust statutory damages for a good-faith misinterpretation of the law." <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 559 U.S. 573, 594 (2010). In this adjustment determination, however, the court takes into account that "knowingly walk[ing] perilously close to the edge of the law," can also support a determination that the practices should be deterred. <u>See Dunn v. Derrick I. McGavic, P.C.</u>, 653 F. Supp.2d 1109, 1115 (D. Or. 2009).

Plaintiffs point to evidence that defendant (1) ignored his own office and training policies which correctly stated the legal requirements, (2) provided his employees with a copy of the FDCPA which contained the validation of debt requirements, and (3) knowingly eliminated the "in writing" language from the validation notice contained in the collection letters. Defendant responds that this conduct was a good faith attempt to go beyond the statutory requirements for the

consumer's benefit.  The court finds that while plaintiffs have not shown that defendant's noncompliance was intentional, defendant's potentially mistaken attempt at altering the strict statutory requisites should not go unredressed.  Therefore, this factor appears to balance neutrally, and the court will consider it in adjusting any award to plaintiffs.

F.     Conclusion

Based on the above assessments, the court finds that defendant has not shown that plaintiffs are entitled to no statutory award.  Accordingly,

THE COURT HEREBY ORDERS that defendant's motion for partial summary judgment (#83) is DENIED.

Dated this 26 day of September, 2013.

_____
Lloyd D. George
United States District Judge