UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CARLOS J. HERNANDEZ and,
RYAN A. EVANS, on behalf of
all others similarly situated,

        Plaintiffs,

                              Case No. 2:09-cv-00830-LDG-GWF

v.

PAUL D. GUGLIELMO
d/b/a GUGLIELMO & ASSOCIATES,

        Defendant.
_____/

## FINAL APPROVAL ORDER

Plaintiffs Carlos J. Hernandez and Ryan A. Evans brought the instant action against Defendant Paul D. Guglielmo d/b/a Guglielmo & Associates for alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* On May 4, 2015, an Order Granting Preliminary Approval to Class Action Settlement was entered ("Preliminary Approval Order") (Doc. No. 111) which, among other things, conditionally certified a class as defined in the Complaint for settlement purposes only and directed notice of the Settlement to the Class. The parties now move jointly for final approval of their class action Settlement.

Having reviewed all papers submitted on this matter, and good cause appearing, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. For purposes of this Order, the Court adopts and incorporates the definitions set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all Class Members.

3. The Court grants final certification to the Class for settlement purposes only and finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution for the maintenance of a class action have been satisfied in all respects.

4. The Court certifies the Settlement Class defined as: (i) all Nevada residents to whom (ii) Defendant sent or caused to be sent a letter in the form of Exhibits A, B, and or C (iii) on behalf of Discover Bank (iv) in an attempt to collect a debt incurred for personal, family or household purposes (v) during the one year period before filing this action (May 8, 2009) through the date of certification (May 4, 2015).

5. The Court makes the following findings:

    (a) The Class is so numerous that joinder of all members is impracticable;

  (b) There are questions of law or fact common to the Class, and such questions predominate over questions affecting only individual Class Members;

  (c) The claims of the named Plaintiffs are typical of those of the proposed Class;

  (d) The named Plaintiffs are capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement Agreement;

  (e) For purposes of settlement, a settlement with the above-described Class is superior to other available methods for the fair and efficient resolution of the claims of the Class.

 6. The Court designates Named Plaintiff Carlos J. Hernandez and Ryan A. Evans as Class Representatives.

 7. The Court appoints O. Randolph Bragg of Horwitz, Horwitz & Associates, LTD. and Craig B. Friedberg as Class Counsel.

 8. Notice of the Settlement was disseminated to the Class via first class mail to the approximately 2,114 Class Members as set forth in the Settlement Agreement and the Preliminary Approval Order.  The notice fully informed the Class of their rights with respect to the Settlement Agreement, including the right to be excluded and to object to the Settlement Agreement, the right to enter an appearance, and the proposed statutory damages and incentive awards to the named Plaintiffs.  The notice

given to the Class in this action is the best practicable notice under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedures and the Due Process Clause of the United Stated Constitution.

9. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, Defendant has notified the appropriate state and federal officials of the Settlement. The Court has set aside more than 90 days to receive and consider any comment or objection by any government entity in response to the CAFA notices provided by Defendant.

10. The Court finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable. Specifically, the legal and factual posture of this case and the fact that the Settlement was the result of arms' length negotiations between experienced counsel support this finding. No objections have been filed with the Court. Accordingly, the Settlement Agreement is hereby finally approved in all respects.

11. The following individuals filed a written request for exclusion and will be excluded from this action and from participating in the Settlement:

    (1) Barbara L. Juliano

No one has objected to this class action settlement. (Doc. No. 117)

12. Named Plaintiffs, each member of the Class, and each of the Releasing Persons are deemed to have, and by operation of this Order shall have unconditionally, released the Released Parties from each and every claim they have or

– 4 –

may have asserted against the Released Parties in this Lawsuit as set forth in the Settlement Agreement and are forever barred and enjoined from prosecuting any claim they have or may have against the Released Parties in this Lawsuit.

13. Named Plaintiffs, each member of the Class, and each of the Releasing Persons' claims are dismissed with prejudice as to the Released Parties.

14. Named Plaintiffs' individual claims against Defendant are hereby dismissed with prejudice.

15. Defendant shall pay $14,269.50 to the Class pursuant to the terms of the Settlement Agreement, i.e. - $6.75 to each of the 2,114 Class Members.

16. Defendant shall pay for the cost of class notice, preparation and distribution of checks to the class members, claims administration, etc.

17. Plaintiffs are the successful party for the purpose of determining the amount of the award of reasonable attorneys' fees, costs and expenses.  The Unopposed Motion for Approval of Award of Plaintiffs' Attorneys and Costs (Doc. No. 114) in the amount of $147,500.00 is granted.

18. The Court approves  Legal Aid Center of Southern Nevada, 501(c)(3) non-profit organizations, as the recipient of the *cy pres* award which shall consist of all monies remaining from the checks from the Settlement Fund which are not cashed within 90 days of the date of issuance.  The *cy pres* award shall be used for consumer representation and/or education.

19. Named Plaintiffs are each awarded $3,700 as statutory damages pursuant to the FDCPA and as a fee for their services as the class representatives in this action to be paid directly by Defendant.

20. The Court hereby retains exclusive and continuing jurisdiction over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of this Order.

DATED: 10 December 2015

_____
The Honorable Lloyd D. George
United States District Judge